IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAURA A. KESSLER, | : |
| Plaintiff | : |
| vs. | : Civil Action No. JFM-98-3446 |
| BELL ATLANTIC COMMUNICATIONS & CONSTRUCTION SERVICES, INC., Defendant | : : |

o0o

## ORDER

Judgment was entered on behalf of Defendant on May 11, 2000. Currently pending is a Bill of Costs filed by Defendant. The Clerk has considered the Bill of Costs, Plaintiff's Opposition, and Defendant's Supplemental Affidavit. No hearing is deemed necessary. Local Rule 105.6 (D. Md.).

**Deposition Costs**

Defendant is seeking $1,375.68 for the costs of deposition transcripts. The Court may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). While the court may allow a transcription expense if the making of the transcript was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses.

One of the depositions whose cost is being sought, that of Corey Bryant, was not used in the summary judgment proceedings so its cost will not be allowed. The costs of the remaining depositions will be allowed as is set forth in the chart below.

| DEPONENT | AMOUNT SOUGHT | AMOUNT OF UN-ALLOWED COSTS[1] | NO. OF PAGES | RATE SOUGHT PER PAGE | RATE ALLOWED PER PAGE[2] | AMOUNT ALLOWED |
|---|---|---|---|---|---|---|
| Melissa Moen | 131.90 | 5.00 | 47 | 2.70 | 2.70 | 126.9 |
| Dion Balaam | 216 | 5.00 | 80 | 2.70 | 2.70 | 216 |
| Takisha Barnes | 89.10 | 0 | 33 | 2.70 | 2.70 | 89.1 |
| Laura Kessler | 550.80 | 0 | 204 | 2.70 | 2.70 | 550.8 |
| Kevin Updyke and Michael Bello | 173.58 | 11.58 | 60 | 2.70 | 2.70 | 162 |
| Robin Rohls | 131.00 | 131.00[3] | unknown | unknown | 0 | 0 |
| TOTALS | | | | | | 1144.8 |

[1] Costs attributable to extra copies, copies of exhibits, shipping, etc. are not allowed.

[2] Unless the Court has determined in advance that a higher rate shall apply or the parties have agreed to a higher rate, the maximum amounts the Clerk will tax is:

Ordinary transcript - original:    $3.50 per page

Expedited transcript - original:   $4.50 per page

Daily transcript - original:       $5.50 per page

Copy of transcript:                $1.25 per page

If the actual page rate is lower than the maximum allowable rate, costs will be taxed at that rate.

[3] Because neither the per page rate nor the number of pages of this deposition are included, it is not possible to determine if any of the cost sought is reasonable.

2

**Service and Witness Fees**

Defendant seeks $110.00 for witness fees paid to Mr. Updyke and Mr. Bello in connection with their depositions. It also seeks $140.00 for the cost of serving a deposition subpoena on Ms. Rohls. Attendance fees, mileage, tolls, parking, as well as a reasonable service fee and subsistence allowance can be taxed for witnesses who testify at trial. Such fees may be allowed for deposition witnesses when their depositions have been taxed as costs in the case.

The witness fees paid to Mr. Updyke and Mr. Bello will be allowed as Defendant is being allowed the costs of their depositions. However, since the cost of Ms. Rohls' deposition is not being allowed, the Clerk lacks the discretion to award the service fee pertaining to her.

**Copy Work**

Defendant seeks $428.89 for the cost of copy work. It has submitted an affidavit from counsel stating this is for copies of papers provided to the Court and Plaintiff. Defendant indicates that $347.30 of this amount was for 1,736 pages copied in house and the remainder for copies made through a copy service. Defendant has submitting billing records indicating charges of $694.60 for in house copy work and invoices from Reprographics for $162.19. While these documents provide the total number of copies and the per page rate, Defendant has not identified the documents copied. Without this information it cannot be determined if the copy work was necessary. Thus, none of this cost will be allowed.

**CONCLUSION**

In accordance with the foregoing, Defendant is awarded costs of $1,254.80.

A party may seek review of this decision as is provided for in Fed. R. Civ. P. 54(d)(1).

The Clerk is directed to docket this Order and mail copies to all counsel of record.

DATED this 23rd day of June, 2000.

_____
Felicia C. Cannon
Clerk
United States District Court